IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACOB JAMES TOWNSEND                          PLAINTIFF

      v.               Civil No. 4:11-cv-04086

SHERIFF JAMES SINGLETON,
Hempstead County, Arkansas;
JAIL ADMINISTRATOR JOHNY
GODBOLT; SERGEANT VERONICA
MAULDIN; OFFICER PIERRE
SUMMELVILLE; OFFICER SIMEON
AIMES; and LIEUTENANT KEVIN
MELLSON                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff, Jacob James Townsend, pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On November 9, 2011, an order (ECF No. 5) was entered directing the Plaintiff to file an amended complaint. This was done because Plaintiff did not describe any actions taken by the following Defendants: Sheriff James Singleton; Jail Administrator Johny Godbolt; Sergeant Veronica Mauldin; and Lieutenant Kevin Mellson.

Plaintiff was directed to submit an amended complaint by November 30, 2011. The Clerk's office was directed to mail the Plaintiff a court-approved § 1983 form to use in filing the amended complaint.

On November 28th, mail was returned to the Court as undeliverable. On December 2, 2011, a change of address was entered, another form complaint mailed, and Plaintiff was given an extension of time until December 30, 2011, to file the amended complaint. To date, Plaintiff has not filed an amended complaint. He has not communicated to the Court in anyway. The documents sent to Plaintiff on December 2nd have not been returned as undeliverable.

I therefore recommend that this case be dismissed because of Plaintiff's failure to obey the order of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of January 2012.

　　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE